IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEDOR DAVIDO, : | |
| : | CIVIL ACTION |
| Petitioner, : | |
| : | No. 06-0917 |
| v. : | |
| : | THIS IS A CAPITAL CASE |
| JEFFREY BEARD, Commissioner, : | |
| Pennsylvania Department of : | Honorable Mitchell S. Goldberg |
| Corrections, et al., : | |
| Respondents : | |

**PETITIONER'S MOTION TO ALTER AND AMEND JUDGMENT
AND CONSOLIDATED BRIEF**

Petitioner Tedor Davido, through undersigned counsel, hereby moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter and amend the judgment entered by this Court on July 20, 2021. Petitioner states the following in support of the motion.

## INTRODUCTION

On July 20, 2021, this Court denied and dismissed the Petition for a Writ of Habeas Corpus in this capital case. *See* Mem. Op. (ECF No.145), *Davido v. Beard*, No. 06-cv-0917, 2021 WL 3051904 (E.D. Pa. July 20, 2021), and Order, ECF No. 146. The Court denied the entirety of Petitioner's eleven (11) claims (as reorganized in Pet'r's Mem. of Law, ECF No. 123), on a variety of substantive and procedural grounds, and it also denied a certificate of appealability (hereinafter "COA"). Mem. Op. 120; Order 1.

Rule 59(e) "was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Reconsideration should be granted under Rule 59(e) if the moving party demonstrates "(1) an intervening change in the controlling

1

law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Peterkin v. Horn*, 179 F. Supp. 2d 518, 520 (E.D. Pa. 2002) (granting Rule 59(e) motion).

For the reasons urged below, Petitioner respectfully requests that the Court reconsider its rulings on Claim VI (denial of request to proceed *pro se* at guilt phase of trial).

## LEGAL ARGUMENT

**THE COURT SHOULD RECONSIDER ITS DENIAL OF HABEAS RELIEF AND OF A CERTIFICATE OF APPEALABILITY ON PETITIONER'S CLAIM THAT HE WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO REPRESENT HIMSELF AT THE GUILT PHASE OF TRIAL.**

### A.   Factual and Procedural Background

Over one month before jury selection began, on October 15, 2001, Mr. Davido wrote to the trial judge, stating that he had irreconcilable differences with trial counsel Gratton "that would deprive me of a defence [sic] most importantly a fair trial." Pet'r's Supp. App'x at SA13, ECF No. 124. Mr. Davido's complaints included differences about witnesses, and that Mr. Gratton was too busy with other cases. *Id.* Mr. Davido requested that the court remove Mr. Gratton and appoint new counsel, but if the court would not appoint new counsel, that he be allowed to "exercise my 6th Amendment [right] to represent myself." *Id.* at SA16 (spelling and punctuation corrected). After making that request, Mr. Davido included a "list of subpoenas I wish to call as witnesses." *Id.* (spelling corrected).

The trial court had scheduled the completion of a hearing on Mr. Davido's motion to suppress for November 14, 2001. At the outset of the hearing, the court discussed the October 15 letter. The court immediately told Mr. Davido that his request for appointment of new counsel was denied. The court further told Mr. Davido that "[a]ny request of yours to proceed *pro se* is

2

also denied." Com'wlth's Ex. A at 83, ECF No. 131-1. The trial court did not conduct any inquiry into the request to proceed *pro se* before denying it. The court informed Mr. Davido that he could retain private counsel but that there would be no continuance of the trial scheduled for November 28 if he did retain private counsel. *Id.* Thereafter, the court allowed Mr. Davido to discuss his complaints about his appointed counsel. Those complaints, like the discussion in the October 15 letter, centered on lack of communication and failure to investigate issues Mr. Davido thought were important. *Id.* at 84-97. During that discussion, the court stated, based on a brief, off-record discussion with appointed counsel, that appointed counsel "are pursuing this case in your best interest." *Id.* at 94.

On direct appeal, Mr. Davido claimed that the denial of his request to represent himself violated *Faretta v. California*, 422 U.S. 806 (1975). The Pennsylvania Supreme Court denied the claim on the ground that the request to proceed was "equivocal," and therefore did not come within the terms of *Faretta*'s guarantee of the right of self-representation. *Commonwealth v. Davido*, 868 A.2d 431, 439-40 (Pa. 2005). This Court denied relief on Claim VI of the Petition, concluding that the state court's application of *Faretta* was not unreasonable and that Mr. Davido had waived any request to proceed *pro se*. Mem. Op. 78-82. For the reasons that follow, this Court should reconsider that ruling, or at least reconsider its denial of COA.

      **B.**    **This Court Should Reconsider its Ruling that the State Court's Decision on the *Faretta* Claim Was Not Unreasonable.**

Under *Faretta*, the right to represent oneself is triggered by a timely and unequivocal request. *See id.* at 835 ("weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel"). Once the request is made, the court must conduct an inquiry to determine whether the waiver of the right to counsel and request for self-representation are knowing, intelligent and voluntary. *Id.*

3

The state court acknowledged that Mr. Davido's request to represent himself was timely. *Davido*, 868 A.2d at 439. The majority opinion denied relief based on its conclusion that the request was not unequivocal, an issue to which it applied a totality-of-the-circumstances approach.[1] The court's analysis consisted of the following:

> The substance of the October 15th letter focused on [Mr. Davido's] desire for the appointment of new counsel or permission to retain private counsel because of the difficulty he was having with present counsel. [Mr. Davido's] request to proceed pro se was posed as his only alternative if he was not afforded new counsel. Thus, it was employed as a bargaining device, rather than as a clear demand for self representation. Furthermore, at the hearing on the request, the trial court gave [Mr. Davido] the opportunity to air his grievances, and [Mr. Davido's] focus was on retaining new counsel; his need for a continuance; and his dissatisfaction with his current counsel. [Mr. Davido] never returned to the issue of *pro se* representation. Lastly, when directly asked by the trial court whether he wanted to proceed *pro se* on the first day of trial, [Mr. Davido] clearly indicated that he did not want to represent himself.

*Id.* at 439-40.

With little additional analysis, this Court concluded that the state court's decision was reasonable. Mem. Op. 80-81. Although the state court articulated the appropriate law, here, as in *Randolph v. Sec'y Pa. Dep't of Corr.*, No. 20-9003, 2021 WL 3043377 (July 20, 2021), the state court's decision "involved an unreasonable application of Sixth Amendment law" because its description "mischaracterizes crucial details and omits others." *Id.* at *9.[2]

---

[1] Justice Saylor concurred separately. He rejected the majority's conclusion that the request was equivocal but agreed with the result based on his conclusion that Mr. Davido had waived or abandoned his request to proceed *pro se*. *Id.* at 448-49 (Saylor, J., concurring).

[2] It is not entirely clear whether the state court's ruling that the request was equivocal should be treated as a finding of fact or a ruling on a mixed question of law and fact. *Compare Randolph v. Cain*, 412 F. App'x 654, 657-58 (5th Cir. 2010) (finding of fact) *with State v. Flanagan*, 978 A.2d 64, 74-75 (Conn. 2009) (mixed question). Whether construed as a finding of fact or a ruling on a mixed question of law and fact, the state court decision was unreasonable as explained herein.

First, the trial court went about things backwards. It started out by denying all requests that Mr. Davido had made or could make. It denied his requests for (1) new counsel, Com'wlth's Ex. A at 83 (the request for "appointment of new counsel . . . is denied"); (2) to proceed *pro se*, *id.* ("Any request of yours to proceed *pro se* is also denied"); and (3) for any continuance should he retain private counsel. *Id.* ("you may retain [private counsel], but there will be no continuances granted."). The court then allowed Mr. Davido to expand on his complaints about his counsel, telling him: "State your list of grievances on the record." *Id.* at 92. This was a *pro forma* exercise, since the court had already denied the request for appointment of new counsel, apparently based on the court's "opinion, after a brief discussion that I had with Mr. Gratton, and the fact that I know what they are doing, I do think they are pursuing this case in your best interest." *Id.* at 94.

At no time, then or later, did the court state its reasons for denying all of Mr. Davido's requests at the outset of the hearing. The only matter that was of record at that point was the October 15 letter. Allowing Mr. Davido to "state his list of grievances" could give the court a basis for denying his request for appointment of new counsel or at least create a more complete record on that issue.[3] A list of Mr. Davido's grievances was not, however, relevant to his request to proceed *pro se* because, under *Faretta*, a defendant need not have a good reason for desiring to represent himself. *See Faretta*, 422 U.S. at 834 ("[A]lthough [the defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law." (citation and quotation marks omitted)); *id.* at

---

[3] Appointment of new counsel is discretionary with the trial court. It will not be granted absent a "substantial showing," Pa. R. Crim. Pro. 122(C), e.g., a showing that the defendant has an "irreconcilable difference with counsel that precludes counsel from representing him." *Commonwealth v. Wright*, 961 A.2d 119, 134 (Pa. 2008) (citations omitted).

5

836 ("We need make no assessment of how well or poorly *Faretta* had mastered the intricacies [of the law] . . . [f]or his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself."); *Buhl v. Cooksey*, 233 F.3d 783, 794 (3d Cir. 2000) ("[Defendant's] motivation for waiving counsel was not the issue . . . . Once [the defendant] properly asserted his right to proceed *pro se* the trial court was obligated to undertake an appropriate inquiry under *Faretta* even though [the defendant's] request apparently rested upon nothing other than dissatisfaction with defense counsel."); *Williams v. Bartlett*, 44 F.3d 95, 99 (2d Cir.1994) ("The right of a defendant in a criminal case to act as his own lawyer is *unqualified* if invoked prior to the start of trial." (citation and quotation marks omitted) (emphasis added in *Williams*)).

The trial court rejected Mr. Davido's request to proceed *pro se* without making any findings concerning that request and without conducting any inquiry into the request. As a result, the record regarding that request consists of the October 15 letter, the trial court's denial of the request, the discussion that followed the trial court's denial, and a further brief discussion at the outset of voir dire. From that flimsy record, the state high court arrived at the conclusion that the request did not qualify under *Faretta* because it was equivocal. That conclusion was an unreasonable application of *Faretta* and was unreasonable in light of the state court record.

Second, it was unreasonable to interpret the October 15 letter's request to proceed *pro se* as a "bargaining device, rather than as a clear demand for self representation." *Davido*, 868 A.2d at 440. The only fact supporting the idea that the letter was a bargaining device is that the bulk of the letter recounts Mr. Davido's complaints about appointed counsel and his request for new counsel to be appointed because of his "irreconcilable differences" with counsel. In that sense, the letter can be characterized as a "conditional" request to proceed *pro se*. But there is abundant caselaw, starting with *Faretta* itself, making clear that conditional requests to proceed *pro se*—

6

i.e., a request for new counsel, but if that request is denied, to proceed *pro se*—are nevertheless unequivocal. *See Faretta*, 422 U.S. at 807, 811 n.5, 835 (Faretta requested appointment of new counsel, claimed the right to counsel of his own choice and asked to proceed *pro se*; the final request was unequivocal); *Davido*, 868 A.2d at 449 & n.1 (Saylor, J., concurring) (citing cases); Pet'r's Mem. 77 (citing cases).

The majority recognized this fact to some extent, indicating that it did not dispute the fact that some conditional requests are unequivocal, *Davido*, 868 A.2d at 440 n.14, but that Mr. Davido's request was equivocal, in part because of the "bargaining device" concept. *Id.* at 440. The state court did not clearly spell out that concept, or how it is relevant to deciding whether a request is unequivocal. On the one hand, a defendant's motivation for requesting to proceed *pro se*, including dissatisfaction with counsel, does not defeat a request to proceed *pro se*. *Buhl*, 283 F.3d at 794. On the other hand, the "reality is that such" bargaining "is present in virtually *all* requests for self-representation conditioned on the denial of a request for new counsel." *State v. Towle*, 35 A.3d 490, 496 (N.H. 2011) (Lynn, J., concurring) (emphasis in original).

Thus, the "bargaining device" concept is irrelevant to the baseline *Faretta* question whether the request is unequivocal. Rather, the bargaining device concept appears to be occasioned by concern that the defendant is trying to pressure the judge into appointing new counsel with the threat of the headaches of a trial with a self-represented defendant. The answer to that concern, however, is not to deny the *pro se* request as "conditional" or a "bargaining device," but to conduct the probing colloquy required by *Faretta* itself. *Id.* at 498.

The October 15 letter on its face clearly and unequivocally requests to proceed *pro se* if the request for appointment of new counsel is denied. The trial court understood that request was being made, for it denied the request. Com'wlth's Ex. A at 83. There is no "reasonable interpretation" of the letter "other than as a request by [Mr. Davido] to represent himself."

*Cassano v. Shoop*, 1 F.4th 458, 473 (6th Cir. 2021) (noting fact that trial court understood the request supports that finding). Moreover, in the absence of any inquiry it was unreasonable simply to assume that the request was a "bargaining chip" rather than a legitimate invocation of *Faretta* rights. *See id.* at 476-78 (state court's assumption that request was a delay tactic was unreasonable).

Third, the trial court manifestly did not conduct a *Faretta* colloquy. It simply denied what it recognized was a request to proceed *pro se*. Com'wlth's Ex. A at 83. The court erred in denying the request on the basis of the October 15 letter alone, particularly in light of Mr. Davido's attachment of a list of witnesses he wanted to have subpoenaed, Pet'r's Supp. App'x at SA16, evidently in the event that he did proceed *pro se*. *See United States v. Mancillas*, 880 F.3d 297, 302 (7th Cir. 2018) (error to deny without inquiry request that trial court acknowledged was unequivocal); *United States v. Peppers*, 302 F.3d 120, 129 (3d Cir. 2002) (trial court has duty to "assess whether the defendant's assertion was unequivocal").

Given that the trial court was presented with what was on its face a conditional but unequivocal request to proceed *pro se*, the trial court was required to conduct a colloquy; in the absence of such a colloquy, denial of the request was an unreasonable application of *Faretta*. *Faretta*, 422 U.S. at 835 (when defendant makes unequivocal request, trial court must determine whether defendant is knowingly and intelligently waiving right to counsel); *see Mancillas*, 880 F.3d at 302 ("summarily denying [an unequivocal] request without any inquiry is error"); Pet'r's Mem. 75 (citing cases). Indeed, the state high court acknowledged that the "preferred" course would have been for the trial court to inquire further. *Davido*, 868 A.2d at 440 n.15. However, this was not just "preferred," but required by *Faretta*. It was unreasonable for the state court to rule that it was permissible for the trial court simply to deny the request without inquiring further.

Fourth, the state court majority improperly relied on the remainder of the November 14 hearing, noting that Mr. Davido did not return to the request to proceed *pro se*, and instead focused on his complaints about counsel and request for appointment of new counsel. *Davido*, 868 A.2d at 440. For numerous reasons, this observation does not support the ruling that the request was equivocal. *See id.* at 449 (Saylor, J., concurring) (this factor "seems to me to carry very little (if any) weight").

Once a defendant has made a request to proceed *pro se* and had the request denied (as happened here), the defendant is not required to repeatedly reassert the request. Pet'r's Mem. 75 (citing cases); *see also Freeman v. Pierce*, 878 F.3d 580, 590 (7th Cir. 2017) (no requirement that defendant "reassert his [*Faretta*] motion or continually object to the court's denial of his motion after the court had clearly denied his request.").

The purpose of the discussion that took place after the trial court denied Mr. Davido's requests is not clear from the record and cannot have been clear to Mr. Davido. The closest the trial court came to any explanation was when it told Mr. Davido: "State your list of grievances on the record." Com'wlth's Ex. A at 92. Mr. Davido's request to proceed *pro se* was not a "grievance," whereas his complaints about appointed counsel *were* "grievances."[4] Moreover, explaining the details of a breakdown of the relationship with counsel is relevant to a request for an appointment of new counsel, *see Wright*, 961 A.2d at 134, but is irrelevant to a request to proceed *pro se*.

For similar reasons, if the purpose of the discussion was to expand for the record on the grievances set forth in the October 15 letter, it made sense to concentrate on the relationship with

---

[4] "Grievance" is defined as "a cause of distress . . . felt to afford reason for complaint or resistance." *See* https://www.merriam-webster.com/dictionary/grievance.

9

counsel. In the October 15 letter, the primary request was for the appointment of new counsel, while the request to proceed *pro se* was a second or conditional request. In that context also, to the extent there was any purpose to a discussion held after Mr. Davido's requests were denied, it made sense for him to concentrate on his primary request.

Giving Mr. Davido the "opportunity to air his grievances," *Davido*, 868 A.2d at 440, was no substitute for an actual *Faretta* inquiry or colloquy. *See Faretta*, 422 U.S. at 835 (defendant seeking to waive counsel must be "made aware of the dangers and disadvantages of self-representation"; inquiry must establish knowing and intelligent waiver); *Mancillas*, 880 F.3d at 302 (summary denial of request without inquiry is reversible error); *Moore v. Haviland*, 531 F.3d 393, 403 (6th Cir. 2008) ("for the judge not to have engaged Moore in a *Faretta*-compliant colloquy upon reading the letter was an unreasonable application of *Faretta*").

At no time during the November 14 hearing did Mr. Davido equivocate, withdraw, or abandon his unequivocal written request to proceed *pro se*. Because Mr. Davido had made an unequivocal request in writing, the state court was obliged to conduct a *Faretta* inquiry. Its failure to do so was based on an unreasonable application of *Faretta* or an unreasonable factual determination, as the Fifth Circuit found in similar circumstances:

> Batchelor was not required, in order to avoid waiver, to add anything to the straightforward request that he had already made plain in writing. It was the trial court, and not Batchelor, which failed to respond properly to the discussion of the *Faretta* motion. Under *Faretta,* the trial court should have initiated a colloquy . . . . The trial court's failure to conduct the required *Faretta* colloquy is an indication only of the trial court's error. That the appropriate colloquy did not occur cannot be construed as an indication of vacillation by Batchelor. . . . Thus, as at his appearance on October 14, 1999, Batchelor did nothing inconsistent with his *Faretta* request at the February 7, 2000 hearing. The state advances no other factual basis for a finding that Batchelor abandoned or vacillated in his request, and our review of the record reveals none. Accordingly, we conclude that Batchelor has met his burden of rebutting by clear and convincing evidence the presumptive correctness afforded the state appellate court's implicit factual determination that Batchelor equivocated or abandoned his motion.

*Batchelor v. Cain*, 682 F.3d 400, 412-13 (5th Cir. 2012) (citations and footnotes omitted); *see also Moore*, 531 F.3d at 403 (defendant allowing counsel to question him after trial court declined to grant request to proceed *pro se* did not amount to acquiescence in representation).

Finally, in finding Mr. Davido's request to proceed *pro se* equivocal, the state court majority relied on the fact that on the first day of trial Mr. Davido told the trial court that at that time he was satisfied with appointed counsel. *Davido*, 868 A.2d at 440 (citing NT 11/28/01 at 2).[5] Mr. Davido's later conduct, however, cannot determine whether he previously made an unequivocal request to proceed *pro se*. *See* Pet'r's Mem. 75 (citing cases).

### C. This Court Should Reconsider its *De Novo* Ruling that Mr. Davido Withdrew His Request to Proceed *Pro Se*.

As discussed above, the state high court majority denied relief on the *Faretta* issue based solely on its conclusion that the request to proceed *pro se* was equivocal. *Davido*, 868 A.2d at 440. Justice Saylor disagreed with that conclusion but concurred in the result based on his belief that Mr. Davido withdrew or abandoned his request at the November 28 hearing. *Id.* at 449 (Saylor, J., concurring). Because the state court majority did not adopt the waiver or abandonment theory, it is not entitled to § 2254(d) deference. *See Simmons v. Beard*, 590 F.3d 223, 232-33 (3d Cir. 2009) (as to issues not decided on merits by majority of the state court, *de novo* review applied). This Court adopted the waiver or abandonment theory, apparently based on its *de novo* review. Mem. Op. 81-82. This Court should reconsider that ruling.

The November 28 hearing came at the outset of voir dire. By that time, it was too late to do additional, meaningful investigation. Mr. Davido had pointed to the lack of such investigation

---

[5] The majority relied on this exchange as supporting its view that Mr. Davido's request to proceed *pro se* was equivocal. It did not adopt Justice Saylor's view that the exchange amounted to waiver or abandonment. *Cf. Davido*, 868 A.2d at 449 (Saylor, J., concurring). That question is addressed in Part C below.

11

as the basis for his requests for appointment of new counsel and to represent himself in his October 15 letter and at the November 14 hearing. Thus, there was nothing to be gained by a request to represent himself at the last minute, as trial was actually starting. By the time of the trial court's last-minute inquiry, Mr. Davido could no longer exercise a meaningful right of self-representation, and a denial of meaningful self-representation violates *Faretta*. *See United States v. Farias*, 618 F.3d 1049, 1053-54 (9th Cir. 2010) (violates *Faretta* to condition exercise of right of self-representation on denial of meaningful ability to prepare).

For similar reasons, courts have repeatedly rejected waiver where, as here, there was an unequivocal request to proceed *pro se* and that request was clearly denied. *See, e.g.*, *Tamplin v. Muniz*, 894 F.3d 1076, 1085-86 (9th Cir. 2018) (rejecting theory of waiver by acquiescence to court's ruling as contrary to *Faretta*; "[t]he Sixth Amendment violation is complete at the time of the court's denial" of an unequivocal and timely request for self-representation); *accord Freeman*, 878 F.3d at 590 (citing cases); *Williams*, 44 F.3d at 101-102 (rejecting abandonment theory where defendant accepted one lawyer and requested a different one only after trial court "categorical[ly]" denied request to proceed *pro se*); *United States v. Arlt*, 41 F.3d 516, 522-23 (9th Cir. 1994) (similar).

The decisions Justice Saylor relied on in support of his belief that Mr. Davido had abandoned the request, *see Davido*, 868 A.2d at 449 n.2 (Saylor, J., concurring), are distinguishable. For example, in *Brown v. Wainwright*, 665 F.2d 607 (5th Cir. 1982) (en banc), the court found waiver of the request to proceed *pro se* based on the fact that, *before* the request had been definitively denied, the defendant told counsel that he wanted to work with counsel, and counsel told the trial court that they had resolved their differences. *Id.* at 611. The Fifth Circuit emphasized that its decision should not be read

>to indicate that a defendant, to avoid waiver, must continually renew his request to represent himself even after it is conclusively denied by the trial court. After a clear denial of the request, a defendant need not make fruitless motions or forego cooperation with defense counsel in order to preserve the issue on appeal.

*Id.* at 612.

Here, in contrast, the trial court "conclusively" denied Mr. Davido's request to proceed *pro se* on November 14, 2001. Once that ruling was made, the issue was preserved, and Mr. Davido had no choice but to work as well as he could with appointed counsel. *See Buhl*, 223 F.3d at 803 (defendant's consent to hybrid form of representation after request to proceed *pro se* was denied was not a waiver of request to proceed *pro se*). The other decisions cited by Justice Saylor are distinguishable for similar reasons. *See Wilson v. Walker*, 204 F.3d 33, 38 (2d Cir. 2000) (finding waiver through abandonment where defendant failed to raise the request again, although trial court had left the issue "open for possible further discussion"; citing and distinguishing *Williams* and *Arlt*, where requests to proceed *pro se* had been categorically denied); *United States v. Kennedy*, 564 F.2d 1329, 1340 (9th Cir. 1977) (finding claim equivocal or waived where defendant indicated a desire to represent himself, court told him to present a formal motion, and thereafter counsel and defendant told the court that he did not wish to pursue *pro se* request); *Williams v. State*, 655 P.2d 273, 275 (Wyo. 1982) (finding defendant's first request to proceed *pro se* waived where court appointed counsel and told defendant it was his choice whether to work with appointed counsel, and defendant did work with counsel); *Tucker v. State*, 553 P.2d 951, 954 (Nev. 1976) (after counsel withdrew, defendant asked for appointment of private counsel, indicating he did not want public defender; court appointed public defender and defendant went to trial with public defender).

None of the decisions cited by Justice Saylor involve—as this case does—an unequivocal request for counsel followed by a clear and conclusive denial of the request. As *Buhl* and the

13

other decisions cited above make clear, and as is accepted by the reasoning of decisions like *Brown* and *Wilson*, when a request to proceed *pro se* has been conclusively denied, the concept of waiver or abandonment through conduct does not apply. Therefore, this Court should reconsider its ruling that Mr. Davido abandoned his request to proceed *pro se*.

### D. This Court Should Reconsider Its Denial of COA.

A COA must be granted if the issue is "debatable among jurists of reason"; "a court could resolve the issue[] [in a different manner]"; or "the question[] [is] adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (*Barefoot* standard continues to apply under AEDPA). Thus, at the COA stage,

> the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

This Court's denial of relief on the *Faretta* claim rests on two grounds: deferential review of the state court majority ruling that Mr. Davido's request to proceed *pro se* was equivocal, and a *de novo* ruling that Mr. Davido abandoned or waived the request. As to both of those grounds, jurists of reason could disagree and could conclude that the issue is adequate to deserve encouragement to proceed further.

Broadly speaking, AEDPA review of the state court decision at issue here is similar to that which the Third Circuit recently conducted in *Randolph*.[6] In both cases, the state court relied on several factors in rejecting a Sixth Amendment claim. In both cases, each aspect of the state court's analysis was questionable. In this case, moreover, Justice Saylor disagreed with the majority's ruling that the request was equivocal. The fact that the Third Circuit granted relief in *Randolph* makes clear that the state court's employment of a totality of the circumstances approach does not insulate its decision from AEDPA review.

More narrowly, deciding a *Faretta* claim requires careful review of the record particularly where, as here, the trial court fails to conduct any inquiry into the request to proceed *pro se*. When the state court process is skewed or less than thorough, as here, federal courts have ruled that it fails to survive even deferential review. *See, e.g.*, *Cassano v. Shoop*, *supra*; *Batchelor v. Cain*, *supra*; *Moore v. Haviland*, *supra*; Pet'r's Reply Mem. 23 (citing cases), ECF No. 141. This case is sufficiently similar to those that it deserves encouragement to proceed further.

Jurists of reason could also disagree with this Court's *de novo* ruling on waiver. In particular, neither Justice Saylor nor this Court has pointed to any decision holding that conduct that takes place after a clear and definitive denial of a request to proceed *pro se* constitutes waiver of the request.

---

[6] *Randolph* involved a counsel of choice claim. Defendants have a Sixth Amendment right to counsel of choice, but a trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). If either the right to counsel of choice or the right to proceed *pro se* is improperly denied, the error cannot be harmless. *Randolph*, 2021 WL 3033477, at *12; *Peppers*, 302 F.3d at 137.

## CONCLUSION

For all of the reasons set forth herein, this Court should reconsider its decision on the merits of the *Faretta* claim or at least grant COA.

Respectfully submitted,

/s/ Matthew C. Lawry
MATTHEW C. LAWRY
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Unit
Suite 545 West - The Curtis
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Counsel for Petitioner

Dated: August 17, 2021

## CERTIFICATE OF SERVICE

I, Matthew C. Lawry, hereby certify that on this date I served the foregoing notice on the following by means of the notice of electronic case filing, and by first class United States mail, postage prepaid:

>Jennifer A. Buck, Esquire
>Senior Deputy Attorney General
>Office of the Attorney General
>Appeals & Legal Services Section
>16th Floor, Strawberry Square
>Harrisburg, PA 17120

>*/s/ Matthew C. Lawry*
>Matthew C. Lawry

Dated: August 17, 2021